# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEA and GERARD AUGUSTIN, THOMAS and DONA MCSORLEY and RICHMOND WATERFRONT INDUSTRIAL PARK, LLC, | CIVIL ACTION |
| Plaintiffs | NO. 14-CV-4238 |
| vs. | |
| CITY OF PHILADELPHIA, | |
| Defendant | |

### MEMORANDUM AND ORDER

**JOYNER, J.**                                                                 **June 20, 2019**

This matter presently appears on the docket of the undersigned for disposition of the Plaintiffs' Motion for Court Review of the Clerk's Taxation of Costs. We shall grant the motion and after reviewing the costs taxed, shall disallow the videography expenses incurred in addition to the deposition transcription costs for the three plaintiffs' depositions and modify the amount taxed for photocopying expenses.

### Brief History of the Case

This action was filed several years ago by the plaintiffs, who are residential and commercial landlords in the City of Philadelphia, seeking injunctive relief from the practice of the City's wholly-owned gas utility, Philadelphia Gas Works, of

1

liening Plaintiffs' properties for the unpaid utility bills of their tenants. Indeed, it was not uncommon for these liens to have been imposed several years after the debts had accrued and the tenancies had ended and with little or sometimes no notice having been afforded to the plaintiff landlords/property owners beforehand.

In disposing of various motions and other proceedings in this matter, this Court eventually: (1) granted the Plaintiff-landlords' motion for summary judgment finding that the method which PGW was following to lien the properties was violative of the procedural due process clause of the 14th Amendment; (2) certified a class essentially consisting of all owners of rental properties within the City of Philadelphia whose properties are/were subject to being liened for the unpaid gas bills of their tenants; and (3) permanently enjoined the City from continuing to use its existing methodology for imposing gas liens on the properties of the plaintiffs and members of the class. (Orders of March 17, 2016, November 30, 2016, and January 4, 2017). In a Decision issued on July 18, 2018 finding that the post-deprivation remedies available under the Pennsylvania Lien Law were sufficient to pass constitutional muster, a panel of the Third Circuit reversed and directed this Court to enter judgment in this matter in favor of the City. We complied with this mandate on November 14, 2018, and Defendant

filed its bill of costs with the Clerk of Court on November 27, 2018. Subsequently and over the Plaintiffs' objections, the Clerk taxed costs and entered judgment thereon in the amount of $13,333.49 on April 15, 2019. On April 22, 2019, Plaintiffs timely filed the motion for review of the bill of costs which is now before us.

## **Discussion**

The taxing of costs is governed by Fed. R. Civ. P. 54(d)(1) which reads as follows:

> Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

By the foregoing language then, "Rule 54(d)(1) creates a strong presumption that costs are to be awarded to the prevailing party." Galaxy Products & Services, Inc. v. Ami Entertainment Network, Inc., Civ. A. No. 12-6963, 2016 WL 304760, *1 (E.D. Pa. Jan. 26, 2016)(citing In re Paoli R.R. Yard PCB Litigation, 221 F.3d 449, 462 (3d Cir. 2000)). Although the determination is case and fact-specific, a prevailing party for purposes of Rule 54(d) is ordinarily the party in whose favor judgment is rendered. Tyler v. O'Neill, No. 03-4857, 112 Fed. Appx. 158, 161 (3d Cir. Oct. 13, 2004); Morris v. Consolidated Rail Corp., Civ. A. No. 13-3244,

2019 U.S. Dist. LEXIS 71390, 2019 WL 1894823 at *5 (D.N.J. Apr. 29, 2019). Moreover, "[i]n light of the strong presumption towards the awarding of costs, 'the losing party bears the burden of making the showing that an award is inequitable under the circumstances.'" Montgomery County v. Microvote Corp., Civ. A. No. 97-6331, 2004 WL 1087196 at *1 (E.D. Pa. May 13, 2004)(quoting Paoli R.R. Litigation, 221 F.3d at 462-463). "Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party." Reger v. The Nemours Foundation, Inc., 599 F.3d 285, 288 (3d Cir. 2010)(quoting Paoli R.R. Litigation, 221 F.3d at 462-463, 468). "Thus, if a district court, within its discretion, denies or reduces a prevailing party's award of costs, it must articulate its reasons for doing so." Id. The District Court's review of an objection to a taxation of costs is *de novo*. Camesi v. University of Pittsburgh Medical Center, 818 F.3d 132, 136 (3d Cir. 2016); Ke v. Drexel University, No. 16-2960, 686 Fed. Appx. 98, 100 (3d Cir. Apr. 13, 2017); In re Paoli, 221 F.3d at 461.

The litigation expenses that qualify as taxable "costs" is specified in 28 U.S.C. §1920. Race Tires America, Inc. v. Hoosier Racing Tire Corp., 674 F.3d 158, 163 (3d Cir. 2012). To be sure, Section 1920 reads:

4

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

It has been said that "[t]he denial of costs to the prevailing party is typically a penalty for 'needlessly bringing or prolonging litigation.'" Carroll v. Clifford Township, Nos. 14-3357, 14-3603, 625 Fed. Appx. 43, 47 (3d Cir. Sept. 2, 2015)(quoting Institutionalized Juveniles v. Sec'y of Pub. Welfare, 758 F.2d 897, 926 (3d Cir. 1985)). However, a district court can also waive costs if the losing party makes a showing that an award is inequitable under the circumstances. Tourtellotte v. Eli Lilly & Co., No. 15-3764, 668 Fed. Appx. 432, 433 (3d Cir. Aug. 26, 2016). A number of factors for reviewing a costs award under the guise of ascertaining inequity have been advanced and include: (1) the unclean hands, or bad

faith or dilatory tactics, of the prevailing party; (2) the good faith of the losing party and the closeness and difficulty of the issues they raised; (3) the relative disparity of wealth between the parties; and (4) the indigence or inability to pay a costs award by a losing party.  In Re Paoli, 221 F.3d at 463. The most important of these factors is the last one – the losing party's indigency or inability to pay the "full measure of a costs award against it." Id. See also, Tourtellotte, supra.

In the matter now before us, Plaintiffs object to the Defendant's request for recovery of photocopying costs in the amount of $2,252.25 on the grounds that the city's request is insufficiently detailed so as to enable a determination that the copies were necessarily obtained for use in the case as mandated in Section 1920(4) and to the $3,098.80 in videography expenses as duplicative of the stenographic costs.[1]

Taking Plaintiffs' second objection first, we note that in this district, "[u]sually the costs of either a videotape or a deposition transcript may be taxed, but not both." Brown v. Kemper National Insurance Companies, Civ. A. No. 94-7505, 1998 WL 472586 at *2 (E.D. Pa. July 27, 1998)(citing Marcario v.

---

[1] Plaintiffs originally also objected to the city's request for recovery of deposition transcript costs for essentially the same reason that they object to the photocopying expenses. Inasmuch as Defendant has now in Plaintiffs' words, "provided invoices and explanations to meet the standards of 28 U.S.C.A. §1920(2)," they have withdrawn their objections to those costs. (See Pl's Reply to Defendant on Plaintiffs' Motion for the Court to Review the Clerk's Taxation of Costs, p. 1).

6

Pratt & Whitney Canada, Inc., 1995 WL 649160 at *2 (E.D. Pa. Nov. 1, 1995)). "If the videotape was necessarily obtained for use in the trial, then the court will allow costs for the videotape, and not the transcript." Id. *In accord*, In re Aspartame Antitrust Litigation, 817 F. Supp.2d 608, 617 (E.D. Pa. 2011); Stevens v. D.M. Bowman, Inc., Civ. A. No. 07-2603, 2009 WL 117847 at *4 (E.D. Pa. Jan. 15, 2009); Montgomery County v. Microvote Corp., supra; Herbst v. General Accident Insurance Co., Civ. A. No. 97-8085, 2000 WL 1185517 at *2 (E.D. Pa. Aug. 21, 2000). Insofar as the defendant city appears to concede this point and does not withdraw its request for recovery of the deposition transcript costs, we shall grant Plaintiff's motion in this respect and disallow the $3,098.80 in videography expenses.

With respect to the photocopying costs, Plaintiffs are correct that Defendant's bill of costs contains no details whatsoever aside from the date and amounts charged for photocopies on numerous dates from November 20, 2014 through July 12, 2015. (Docket No. 117). In explanation, the City's response states:

> "[i]n light of the above-noted volume of, *e.g.,* motions practice, that dollar amount [$2,252.25] is well within a reasonable range. Further, Plaintiffs' demand for specific itemization of the photocopies beyond what has been already provided is unreasonable. … (citation omitted). Moreover, the amount and itemization of the City's photocopying costs stands in favorable contrast to Plaintiffs' earlier attempt

> to try to recover $12,000 for the cost of something
> described only as 'Database Access' charged by 'Everlaw
> Database Inc.' … Plaintiffs, therefore, have no grounds
> for complaining about the modest amount of photocopying
> charges."

(See, Def's Response in Opposition to Pl's Motion for Court Review of Clerk's Taxation of Costs Under Rule 54(d)(1), Docket No. 122, pp. 8-9). As Judge Kelly noted in Microvote,

> While the prevailing party is not expected to provide a
> detailed description of every piece of paper copied, it is
> expected to provide the 'best breakdown of the copied
> material obtainable from its records.' … The party seeking
> costs for copying must provide evidence of the material
> copied so that the court can determine whether those copies
> were, in fact, necessary."

2004 WL 1087196 at *7(quoting Ass'n of Minority Contractors & Suppliers, Inc. v. Halliday Props., Inc., No. 97-274, 1999 WL 1551903, at *4 (E.D. Pa. June 24, 1999)(quoting Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co., 924 F.2d 633, 634 (7th Cir. 1991) and Day v. Mendenhall Inn, Inc., No. 95-830, 1998 WL 599188, at *3 (E.D. Pa. Sept. 1998) and citing Herbst, 2000 WL 1185517, at *2). We find this rationale to be sound, particularly given the express language of §1920(4) and accordingly we shall adopt the remedy employed by Judge Kelly and reduce the award of copying costs sought by the city given the dearth of evidence produced by the city on this point. However, whereas Judge Kelly employed a fifty percent (50%) reduction in the Microvote matter, we do agree with Defendant that the photocopying expenses sought here appear reasonable and

8

given that no such expenses are apparently being requested after July 2015, we believe a twenty percent (20%) reduction to be appropriate.  Accordingly, we shall modify the Clerk's taxation of photocopying costs to reflect that reduction and award $1,801.80 to Defendant.

    An order follows.